ACE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS KENNY REID and QUEEN AKEFE MUZARI, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST HORIZON HOME LOANS, PETE MAKOWIECHKI, DENIS PIERCE and JOHN DOES 1-10,000, <br><br> Defendants. | No. 10 C 7304 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Louis-Kenny-Reed and Queen Akefe Muzari, brought suit against Defendants, First Horizon Home Loans, Pete Makowiechki, Denis B. Pierce and John Does 1-10,000. Before the Court is Defendant Pierce's Motion to Dismiss.

### BACKGROUND

Plaintiffs' Complaint was filed *pro se* and is twenty pages in length. Though the Complaint is not the model of "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the following summary of Plaintiffs' allegations may be fairly inferred.

Plaintiffs were owners of real property located at 5926 West Cortland, Chicago, Illinois. At some point, Defendants instituted an action in the Circuit Court of Cook County, seeking to foreclose on that property. Apparently, the foreclosure suit was successful. Plaintiffs now allege that the case was "unconscionable," that Defendants engaged in fraud and that Defendants had no evidence showing that they had an interest in the property. Furthermore, Plaintiffs argue that

before the foreclosure action, Plaintiff Louis-Kenny-Reed transferred all his assets to the Moorish Science Temple of America Express Trust. Plaintiffs seek an admission by Defendants that they have no interest in the property and the return of the deed and all other documents pertaining to the ownership of the property.

Before the Court is Defendant Pierce's Motion to Dismiss. Plaintiffs were given an opportunity to file a response but failed to do so.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on

2

the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

The pleadings of *pro se* litigants should not be held to the same stringent standard as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle II v. Patterson*, 196 F. 3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F. 2d 375, 378 (7th Cir. 1988) (*pro se* complaints/pleadings are to be liberally construed.)); *see also Cruz v. Beto*, 405 U.S. 319, 322 (1972). Regardless of the deferential standard, however, the pleadings are still required to comply with applicable procedural rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113).

## ANALYSIS

Plaintiffs' Complaint fails to satisfy Rule 8(a)'s requirement of short, plain statement showing that Plaintiffs are entitled to relief. Plaintiffs fail to allege facts showing that they are plausibly entitled to relief. Furthermore, to the extent that Plaintiffs make any allegations against Defendants, those allegations appear to claim fraud. Allegations of fraud must be made with particularity. Fed. R. Civ. P. 9(b); *Greer v. Advanced Equities, Inc.*, 683 F. Supp. 2d 761, 768 (N.D. Ill. 2010) (*Greer*). Plaintiffs' Complaint also fails to meet this heightened standard. *See Greer*, 683 F. Supp. 2d at 768 ("Rule 9(b) requires the 'who, what, when, where, and how' of the circumstances of the fraud or mistake."). Therefore, Plaintiffs' Complaint must be dismissed for failure to state a claim for which relief may be granted.

Rule 8(a) also requires a complaint to include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiffs' Complaint contains two

3

purported grounds for jurisdiction.  First, Plaintiffs assert that Rule 17 of the Federal Rules of Civil Procedure confers jurisdiction.  Rule 17 concerns the identity of plaintiffs and defendants and does not confer jurisdiction.  Plaintiffs next state that the action is commenced "pursuant to numerous violations of the Constitution."  If true, this would confer jurisdiction under 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Plaintiffs' Complaint fails to specify how Defendants' actions violated the Constitution.  Indeed, Plaintiffs' allegations fail to come close to alleging any action by Defendants that could support a claim for a constitutional violation.

## CONCLUSION

For the foregoing reasons, Defendant Pierce's Motion to Dismiss is granted. Furthermore, on the Court's own motion, Plaintiffs' claims against the remaining Defendants are dismissed for lack of subject-matter jurisdiction.

Dated: March 3, 2011

JOHN W. DARRAH
United States District Court Judge

4